## CIRCUIT COURT OF ALBEMARLE COUNTY

John W. Rosenblum
and Carolyn J. Rosenblum

v.

Virginia Department
of Taxation

August 16, 2012

Case No. CL12-183

BY JUDGE CHERYL V. HIGGINS

This matter came to be heard before the court on June 1, 2012, on Defendant's Demurrer and Plaintiffs' Counterclaim Demurrer. The case was continued for further hearing on July 20, 2012. After hearing the arguments of counsel and reviewing the briefs of counsel and admitted exhibits, the Court rules as set forth in the paragraphs below.

The first issue in this case for the Court to determine is the validity of the appraisal used to claim the tax credits. The argument set forth by the Virginia Department of Taxation is that, in December 2006, the Rosenblums appraiser was not properly registered under Virginia Code § 54.1-2011 and, therefore, the taxpayers cannot satisfy all statutory requirements for tax immunity.

The Rosenblums (hereafter "Taxpayers") made a land conservation donation in December 2006. The statute granting tax credits for such a donation is Va. Code § 58.1-512. The 2005 version of this law was in effect when Taxpayers made their donation. The 2005 enactment of the law stated at § 58.1-512(B):

> The fair market value of qualified donations made under this section shall be substantiated by a "qualified appraisal" prepared by a "qualified appraiser," as those terms are defined under applicable federal law and regulations governing

charitable contributions. The value of the donated interest in land that qualifies for credit under this section, as determined according to appropriate federal law and regulations shall be subject to the limits established by U.S. Internal Revenue Code § 170(e). In order to qualify for a tax credit under this section, the qualified appraisal shall be signed by the qualified appraiser, who must be licensed in the Commonwealth of Virginia as provided in § 54.1–2011. . . .

Taxpayers argue that their appraisal was valid for use in this section since it was performed by a licensed individual. The Virginia Department of Taxation claims the appraisal was invalid because it was done by an unregistered corporation.

The plain language of the § 58.1-512(B) shows that the definition of "qualified appraiser" is established by the federal government. The relevant federal statute is 26 U.S.C. § 170(f)(11)(e), which refers to a "qualified appraiser" as "an individual." "An individual" refers to a human being, as opposed to more inclusive terminology such as "person." Furthermore, the 26 U.S.C. § 170(f)(11)(e)(iii) lists other requirements to be a qualified appraiser, including "verifiable education and experience" in the field. A corporate body cannot have education. This would strengthen the conclusion that this section requires a human being to be a qualified appraiser.

The statutory language referencing Va. Code § 54.1-211 must also be considered. Virginia Code § 54.1-2011 makes certain requirements of corporations doing appraisals in Virginia. Virginia Code that § 54.1-2011(e) states "a corporation, partnership, or other business entity may provide appraisal services if each appraisal is prepared and signed by an individual licensed in accordance with this chapter and such corporation, partnership, or other business entity has registered with the Board."

The court declines to follow the argument set forth by the plaintiffs that the failure to register was not relevant to the applications of the credits. In order for the court to do so, it would have to find that the language in § 54.1-2011 was meaningless, and the court finds that the intent of the General Assembly in using this language should be given full force and effect.

In the instant case, the question is whether the appraisal was performed by Ms. Filer, who was, and still is, licensed as an appraiser by the Virginia Real Estate Appraisal Board (Plaintiff Ex. 3) or by Piedmont Appraisal Company, which was not registered with the Board at the time of the appraisal, its registration having expired on October 31, 2003. (Ex. 2, Tax's counterclaim.) The appraisal was written on Piedmont stationary and states "Prepared by Piedmont Appraisal Company." However, the document is signed by Ms. Filer and makes use of the first person pronoun "I" throughout. In addition, on the Virginia Land Preservation Tract tax credit notification form, the appraiser's name is listed as Patricia O'Grady Filer.

In looking at this evidence in the light most favorable to plaintiff/ Taxpayers, the Court finds the complaint does allege grounds upon which relief could be granted and overrules the Va. Department of Taxation's demurrer.

Assuming the appraisal was sufficient to validate the tax credits under § 58.1-512, the second issue on demurrer before this court is the appropriate carryover period for the credits as the law evolved via amendments in 2006, 2009, 2010, and 2011. The law as enacted when the donation was made in December 2006 was stated in § 58.1-212(c)(1):

> The amount of the credit that may be claimed by a taxpayer shall not exceed $50,000 for 2000 taxable years, $75,000 for 2001 taxable years, and $100,000 for 2002 taxable years and thereafter. In addition, in any one taxable year the credit used may not exceed the amount of individual, fiduciary, or corporate income tax otherwise due. Any portion of the credit which is unused in any one taxable year may be carried over for a maximum of five consecutive taxable years following the taxable year in which the credit originated until fully expended.

When the donation occurred, Taxpayers' credits were valid for a maximum of five years, or tax years 2006 to 2011. In 2006, § 58.1-512(c) (1) was amended to say (effective 1/1/07):

> The amount of the credit that may be claimed by ~~a taxpayer~~ *each taxpayer, including credit claimed by applying unused credits as provided under subsection C of § 58.1–513*, shall not exceed $50,000 for 2000 taxable years, $75,000 for 2001 taxable years, and $100,000 for 2002 taxable years and thereafter. In addition, *for each taxpayer*, in any one taxable year the credit used may not exceed the amount of individual, fiduciary, or corporate income tax otherwise due. Any portion of the credit which is unused in any one taxable year may be carried over for a maximum of ~~five~~ *10* consecutive taxable years following the taxable year in which the credit originated until fully expended.

(Emphasis added.)

This ten-year carryover provision did not apply to Taxpayers, nor do they claim that it did. Note 3 in the related § 58.1-121.1 explicitly stated that the ten year period was only for those credits accrued on or after January 1, 2007. In addition, the legislature added a new section to the existing law, numbered § 58.1-512(d), for the issuance of tax credits for donations made on or after January 1, 2007. The amendment also decreased

the tax credit for a donation from 50% of the land's value to 40%. Taxpayers were not subject to this decrease in percentage.

The law was again amended in 2009. This time, § 58.1-512(c)(1) was changed to state:

> The amount of the credit that may be claimed by each taxpayer, including credit claimed by applying unused credits as provided under subsection C of § 58.1–513, shall not exceed $50,000 for 2000 taxable years, $75,000 for 2001 taxable years, ~~and~~ $100,000 for *each of* 2002 *through 2008* taxable years, *$50,000 for each of 2009 and 2010 taxable years, and $100,000 for 2011 taxable years* and *for each taxable year* thereafter. In addition, for each taxpayer, in any one taxable year, the credit used may not exceed the amount of individual, fiduciary, or corporate income tax otherwise due. Any portion of the credit ~~which~~ that is unused in any one taxable year may be carried over for a maximum of 10 consecutive taxable years following the taxable year in which the credit originated until fully expended. For taxpayers affected by the credit reduction for taxable years 2009 and 2010, any portion of the credit that is unused in any one taxable year may be carried over for a maximum of 12 consecutive taxable years following the taxable year in which the credit originated until fully expended.

The key language in this change is the phrase "for taxpayers affect by the credit reduction in taxable years 2009 and 2010." The Virginia Department of Taxation argues that Taxpayers were not affected by the reduction since their credit usage for both years was under $50,000.

Taxpayers counter that they, along with every other person entitled to credits in taxable years 2009 to 2011, were affected by this decrease. This position seems to be too broad an interpretation of the word "affected." "Affected" typically stands for the proposition that a party's position has been changed or influenced. This is simply not the case at hand, as Taxpayers could not have claimed more tax credits even without the reduction in tax years 2009 to 2011. Taxpayers seem to base their assertion of being affected on the theory that all holders of these credits were affected by the reduction. If this were the case, however, it would have been unnecessary for the legislature to add the qualifying language to the amended statute. The more logical conclusion is that the legislature intended to extend the credits for those who would have been able to claim them in the relevant tax years but for the annual reduction.

Therefore, the court sustains the Va. Department of Taxation demurrer that the plaintiffs are not entitled to any more than the five-year carryover. If the court were to find that the most recent amendments changed the

Rosenblums' position, then they would be entitled to benefits that other people are receiving who did not and could not have received the same benefits they received as a result of the 2006 law.

I find that these tax credits are an expectation and, therefore, cannot be treated as property. Again the court finds the Virginia Department of Taxation's position persuasive. The acknowledgement letter does state that these rights can be terminated; so there could not be a property right in these potential tax credits. What the plaintiffs had was a hopeful expectation.